IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN PATTERSON, | ) | Case No. 1:25-cv-02428-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

## I.      Introduction

Plaintiff Ryan Patterson ("Patterson"), seeks judicial review of the final decision of the

Commissioner of Social Security, denying his application for disability insurance benefits

("DIB") under Title II of the Social Security Act. This matter is before me pursuant to 42 U.S.C.

§§ 405(g), 1383(c)(3), and Local Rule 72.2(b). Because Patterson fails to state a claim on which

relief can be granted, I recommend the District Court dismiss.

## II.     Procedural History[1]

On May 13, 2013, ALJ Frederick Andreas issued a fully favorable decision finding

Patteson disabled and granting him benefits. (ECF Doc. 19-2). Under this decision, he was

---

[1] Generally, "[a] district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If matters outside the pleadings are presented to the court but not excluded, the motion must be converted to a summary judgment motion under Civil Rule 56 and parties given a reasonable opportunity to present pertinent

entitled to $77,096.90 in past-due benefits for the period from September 2008 through August 2013. (ECF Doc. 19-1, Figer Decl., ¶¶ 5-6). On February 12, 2014, this number was reduced to a total payment of $27,742.54, based on prior benefits paid and attorney fees. (ECF Doc.19-3). Patterson had 60 days from the date of this letter to appeal the decision to the Appeals Council. (*Id.* at p. 2). On August 14, 2024,[2] Patterson filed a request for reconsideration, asserting that the amount of backpay awarded from the May 3, 2013 decision was incorrect. (ECF Doc. 19-5).

Patterson filed this untimely action in the Central District of Illinois on October 21, 2025. (ECF Doc. 1). On November 10, 2025, the case was transferred to this judicial district. (ECF Docs. 5, 6). Patterson also filed two motions, titled "Motion of Objection to Case" (ECF Doc. 12), and "Motion of Brief of Case" (ECF Doc. 13). On December 29, 2025, Patterson filed a supplement to his complaint (ECF Doc. 17 *and attachments*). On January 11, 2026, the agency dismissed the August 2024 request for reconsideration as untimely. (ECF Doc. 19-6). On February 4, 2026, the Commissioner filed a motion to dismiss (ECF Doc. 19), to which Patterson responded on February 13, 2026 (ECF Doc. 21). The matter is therefore fully ripe.

---

material. Fed. R. Civ. P. 12(d). However, a court may consider exhibits attached to the Motion to Dismiss without converting to a summary judgment motion, "so long as they are referred to in the Complaint and are central to the claims contained therein[.]" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Because Patterson raises claims relating to his 2013 benefits issued and any backpay he may be owed in his complaint (*see* ECF Doc. 1, pp. 1-2), and the exhibits refer to the same and are therefore central to Patterson's claim, I consider the exhibits attached to the Commissioner's Motion to Dismiss without converting it to a summary judgment motion.

[2] Patterson has a handwritten date of August 14, 2023, but the appeal is stamped as received on August 14, 2024. (ECF Doc. 19-5). I assume the August 14, 2023 date is a scrivener's error, but in any event, neither date renders the request for reconsideration timely.

2

### III.     Law & Analysis

Before filing a responsive pleading, a party may move to dismiss any claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the complaint should indicate a "statement of the circumstances, occurrences, and events giving rise to the claim[.]" *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) (citing *Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995), and Fed. R. Civ. P. 8). Nonetheless, courts need not accept a legal conclusion as true when dressed as a factual allegation or make unwarranted factual inferences. *Jackson v. Prof'l Radiology*, Inc., 864 F.3d 463, 466 (6th Cir. 2017); *see also Twombly*, 550 U.S. at 555-56.

In application, this is not a high bar for the plaintiff to cross; it means simply that the complaint presents "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. If so, then the case may proceed even if uncovering actual proof of the facts alleged is improbable and recovery unlikely. *Id.*

When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. Jan 4, 2019). In addition, a court will give pro se pleadings the benefit of liberal construction and hold them to less stringent standards than formal pleadings by lawyers. *El Bey v. Roop*, 500 F.3d 407, 413 (6th Cir. 2008); *see also Franklin v. Rose*, 765 F.2d 82, 84-85

3

(6th Cir. 1985). But even so, liberal construction of pro se pleadings is not without its limits. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Liberal construction does not require this Court to conjure allegations on a plaintiff's behalf, and pro se pleadings must still provide notice to the opposing party of the relief sought. *Id.*

## IV.    Discussion

### A.    Patterson's Pending Motions

On November 20, 2025, Patterson filed a document titled "Motion of Objection to Case" (ECF Doc. 12). In that document, Patterson invokes Federal Rule of Civil Procedure 41(a) – which provides for voluntary dismissal by a plaintiff – but also states that "the case is not dismissed since 11/12/25; when the case exists as re-awarded as transacted to reback to the Northern District of Ohio." (ECF Doc. 12, p. 1). Despite referring to Rule 41(a), it does not appear Patterson intends to voluntarily dismiss his case. (*See id.*). Rather, when taken as a whole, it appears that Patterson is seeking that his case proceed and this Court consider his case in due course. (*Id.* (describing that his case is "not lacking anything" and noting his pro se status)). I therefore deny Patterson's Motion of Objection to Case (ECF Doc. 12) as moot and proceed to consideration.

Next, on December 1, 2025, Patterson filed a document titled "Motion of Brief of Case" (ECF Doc. 13), which lists Federal Rules 16, 18, 23, and again 41(a), stating that he is disabled as of March 1, 2006 (*id.* at p. 1), that he is owed backpay of "(e.g.) ($77,000)" (*id.* at p. 2), and including a number of orders and other documents, with signature lines completed on behalf of others (ECF Doc. 13-2, pp. 1-13). Specifically, Patterson completed an Order of Disbursement, indicating that on May 13, 2013, Social Security deposited $77,000 with the Court, and that pursuant to this Court's Memorandum and opinion dated November 17, 2025, the Clerk was

4

authorized to disburse the amount to him. (*Id.* at pp. 1-2). He also filled in portions of a form consenting to my jurisdiction as magistrate judge, (*id.* at p. 3), submitted a corporate disclosure statement purportedly on behalf of Social Security, and signed as Paulette Balin on November 17, 2025, (*id.* at p. 6), submitted a completed pro bono case protocol form, signing on behalf of both himself and Paulette Balin on November 17, 2025, (*id.* at pp. 7-11), and submitted a form protective order with blank signature blocks (*id* at pp. 12-13). The filing also includes documents from an unrelated case in the Ohio Court of Claims. (*Id.* at pp. 14-15).

Having reviewed the filings, I first disclaim any order contained therein; none are valid entries of this Court. I also note that, despite certain filings purporting to be signed by his prior counsel, Paulette Balin, (ECF Doc. 13-2, pp. 6, 11), no attorney has appeared in this matter to represent Patterson and he proceeds pro se. Finally, I construe this motion as I did the one before: it appears that Patterson requests the case proceed for the Court's consideration. (*See* ECF Doc. 13, p. 1). I therefore deny the Motion for Brief of Case (ECF Doc. 13) as moot, and proceed to consider Patterson's complaint in light of the Commissioner's Motion to Dismiss.

### B. The Commissioner's Motion to Dismiss

Here, the Commissioner has moved to dismiss Patterson's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to allege facts on which relief could be granted. (ECF Doc. 19). The Commissioner argues that judicial review is limited under 42 U.S.C. §§ 405(g)-(h) to actions reviewing the Commissioner's final decision after a hearing, and, in order to obtain a judicially-reviewable final decision, the claimant must first complete a four-step administrative review process, which Patterson did not do. (ECF Doc. 19, pp. 6-7 (citing 42 U.S.C. §§ 405(g)-(h), 20 C.F.R. §§ 416.1402, 416.1409, 416.1430, 416.1467, 416.1400(a)(5), 416.1481, 422.210). Therefore, Patterson's present suit improperly challenges an initial determination, and not a final

decision. (ECF Doc. 19, p. 8). Furthermore, Patterson was informed of his right to administratively appeal the initial determination in February 2014, and had 60 days from the date of that letter to seek reconsideration. (*Id.*). He did not appeal within 60 days, and the present suit is too late for administrative remedy, or remedy in this Court. (*Id.*). For these reasons, the Commissioner asks this Court to dismiss the complaint for failure to state a claim on which relief may be granted, and to certify that an appeal could not be taken in good faith under 28 U.S.C. § 1915(a)(3). (ECF Doc. 19, pp. 8-9).

Patterson filed a response after the Commissioner's motion to dismiss, including a completed order dated February 4, 2026, a check for a client's self-pay from Signature Health, and a completed Hospital Care Assurance Application for the Ashtabula County Medical Center. (ECF Doc. 21, 21-1, 21-3). I disclaim the purported order as not a valid order of this Court, but accept the remainder as an attempt at a responsive document.

Patterson's complaint provides little detail as to the nature of this suit. (*See generally* ECF Doc. 1, Compl.). That document provides a cover page addressed to the Clerk of Courts, dated October 12, 2025, that states "(i.e.)($77,000) in *Social Security Backpay*" (*Id.* at p. 1). It also includes a completed notice of appeal form, listing Frederick Andreas[3] as defendant, and indicating he is appealing a court decision[4] dated May 3, 2013. (*Id.* at p. 2). He also completed a form requesting payment from the district court fund, listing the case title as "Social Security" and Paulette F. Balin as the attorney in that case. (ECF Doc. 1-1). Taken together, it appears that Patterson, with the present complaint, seeks to appeal the May 3, 2013 interim decision finding

---

[3] Frederick Andreas is the ALJ who awarded Patterson benefits in 2013. (*See* ECF Doc. 19-2).
[4] The form is from the Central District of Illinois and states that that the plaintiff "hereby appeal[s] the decision of this Court . . . ." (ECF Doc. 1, p. 2). However, when taken in context, it appears that Patterson intends to appeal the ALJ's decision finding him disabled on May 3, 2013. (*Compare id. with* ECF Doc. 19-2).

him disabled as of March 24, 2008, on his belief that he is due $77,000 in backpay. (ECF Doc. 19-2).

42 U.S.C. §§ 405(g) and (h) provide for limited judicial review of social security decisions. As those sections provide:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

(*Id.*). Therefore, 42 U.S.C. § 405(h) limits this Court's jurisdiction only to those claims against the Agency described in Section 405(g). *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) ("42 U.S.C. § 405(h) precludes federal-question jurisdiction in an action challenging denial of claimed benefits."). Furthermore, exhaustion of administrative remedies as provided under the Act is a "jurisdictional prerequisite" barring review in this Court. *Id.* Section 405(g) thus prevents judicial review unless the claim is first presented to the Commissioner – absent seeking such remedy through the available administrative review process, there is no final decision of the Commissioner for this court to review. *Mathews*, 424 U.S. at 328 (describing that the Commissioner may waive[5] certain portions of the administrative review process but that "a nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no 'decision' of any type. And some decision by the Secretary is clearly required by the statute [405(g)].").

---

[5] It appears that the Commissioner did not waive its administrative process, because it enforced the timeliness of Patterson's 2024 appeal against him. (ECF Doc. 19-5).

Thus, for Patterson to have stated a claim on which relief can be granted, he must have first sought administrative review within 60 days of the date of the February 2014 letter. He did not. It appears that Patterson did not seek administrative remedy until February 2024. (ECF Doc. 19-5). Therefore, this Court does not have jurisdiction under 405(g) to determine his claim for back benefits. *Mathews*, 424 U.S. at 328; *see also* 42 U.S.C. § 405(h).

I therefore recommend the District Court grant the Commissioner's motion and dismiss Patterson's claim with prejudice. Further, it does not appear that reasonable minds could differ in this decision, and any appeal would not be done in good faith. I therefore recommend that the District Court certify that an in forma pauperis appeal could not be taken in good faith under 28 U.S.C. § 1915(a)(3).

## V.      Recommendation

Because Patterson fails to state a claim on which relief can be granted, I recommend the District Court grant the Commissioner's motion to dismiss (ECF Doc. 19) and dismiss this case with prejudice. I further recommend that the District Court certify that an in forma pauperis appeal could not be taken in good faith under 28 U.S.C. § 1915(a)(3).


Dated: May 19, 2026

Reuben J. Sheperd
United States Magistrate Judge

---

## OBJECTIONS

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of

8

the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).