**IN UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN PATTERSON, | ) | CASE NO. 1:25-cv-02428 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **(Resolving Docs. 12, 13, 19, and 23)** |
| | ) | |
| Defendant. | ) | |

**I.**

This matter is before the Court on the report and recommendation of the magistrate judge assigned to this case.  (Doc. 22, 5/19/26)  Plaintiff Ryan Patterson filed a complaint to challenge two decisions by the Commissioner of Social Security. (Doc. 1, 10/21/25, at PageID #2)  After significant procedural back-and-forth that included the transfer of this case from another judicial district in another state, Defendant filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 19, 2/4/26)  The magistrate judge has recommended that the Court grant Defendant's motion to dismiss and thus dismiss this case with prejudice, and certify that any appeal could not be taken in good faith. (Doc. 22, 5/19/26, PageID #140, 147)

In a separate section entitled "Objections, Review, and Appeal," the report and

1

recommendation notified the parties that any objection must be filed within 14 days after being served with a copy of the report and recommendation.  (Doc. 22, PageID #147-48)  The notification cited Fed. R. Civ. P 72(b)(2), 28 U.S.C. § 636(b)(1), Local R. 72.3(b), and case law from this Circuit and from a district court in this Circuit.  (*Id.*)  *See also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The 14-day period has expired, and neither party has filed any objections.

## II.

The applicable standard of review of the magistrate judge's report and recommendation depends on whether objections were made to that report.  When objections are made to a report and recommendation, the district court conducts a de novo review.  Fed. R. Civ. P. 72(b)(3).  This rule addresses only the review of reports to which a party has objected.

Although the rule's language does not specify any particular standard of review for reports and recommendations without objections, Advisory Committee Notes from 1983 provide guidance on how the Court reviews the magistrate judge's report and recommendation in this instance.

> When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  See *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974), cert. denied, 419 U.S. 879, quoted in House Report No. 94-1609, 94th Cong.2d Sess. (1976) at 3.  Compare *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).  Failure to make timely objection to the magistrate's report prior to its adoption by the district judge may constitute a waiver of appellate review of the district judge's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

2

Fed. R. Civ. P. 72, Advisory Comm. Notes, 1983 Addition.

In this Circuit, failure to object constitutes a forfeiture.  *Schuster v. Comm'r of Soc. Sec.*, slip op., 2022 WL 219327, at \*1 (N.D. Ohio, Jan. 25, 2022) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("[w]e clarify that forfeiture, rather than waiver, is the relevant term here")).  *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("only those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

As noted above, the report and recommendation included notification to the parties about the deadline for filing objections and the consequences of not filing them. (Doc. 22, PageID #147-48)  The parties were properly put on notice, yet neither party filed objections.

The Court has carefully reviewed the report and recommendation and finds no clear error in it.  Furthermore, the Court finds that the record supports the report and recommendation's findings and conclusions.  The report and recommendation is, therefore, adopted in its entirety and incorporated in this memorandum opinion and order.

**III.**

3

In the report and recommendation, the magistrate judge considered two other filings by Plaintiff, a motion of objection to the case (Doc. 12, 11/20/25) and a motion of brief of the case (Doc. 13, 12/1/25). The magistrate judge denied both of these motions as moot. (Doc. 22, PageID #143, 144) As with the report and recommendation itself, the Court finds no clear error in these findings, and accordingly adopts the magistrate judge's rulings on these motions.

A couple of weeks ago, Plaintiff filed a motion of no backpay. (Doc. 23, 6/23/26, PageID #149) In it, Plaintiff appears to complain about amounts that he claims are still owed to him by the government. That, though, was the thrust of his complaint in the first place. After all, the administrative law judge who initially handled his claim found for Plaintiff and granted him benefits. This litigation was essentially over the amounts owed Plaintiff under his successful claim. Consequently, any renewed effort to resurrect his claim through his most recent motion fails as being redundant of his complaint which the magistrate judge and now the Court have dismissed for failure to state a claim.

\* \* \* \* \*

Accordingly, for the reasons stated above, the Court ADOPTS the magistrate judge's report and recommendation (Doc. 22) in its entirety; and ADOPTS the magistrate judge's rulings denying as being moot Plaintiff's motion of objection to the case (Doc. 12) and Plaintiff's motion of brief of the case (Doc. 13). Furthermore, the Court DENIES Plaintiff's motion of no backpay (Doc. 23); and GRANTS Defendant's motion to dismiss (Doc. 19). Accordingly, this case is dismissed in its entirety with prejudice. The

4

5

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order could not be

taken in good faith.

IT IS SO ORDERED.


Dated: July 9, 2026                    /s/ John R. Adams
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE

5